UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**DANNIE LEE LAFLEUR #600564**     **CASE NO.  6:22-CV-00570 SEC P**

**VERSUS**     **JUDGE DAVID C. JOSEPH**

**WARDEN**     **MAGISTRATE JUDGE HANNA**

### REPORT AND RECOMMENDATION

Pro se petitioner Dannie Lee Lafleur, an inmate in the custody of Louisiana's Department of Corrections, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 on February 4, 2022.  Petitioner attacks his 2011 conviction on one count of first-degree murder and one count of armed robbery and the life sentence imposed thereon by the 13th Judicial District Court, Evangeline Parish.  For the following reasons it is recommended that the petition be deemed second and successive and be **DISMISSED** without prejudice to petitioner's right to file a motion in the United States Court of Appeals for the Fifth Circuit for leave to file a successive § 2254 petition.

### Statement of the Case

Petitioner was charged in a single grand jury indictment by the Evangeline Parish Grand Jury with the first-degree murder of Tuc Thanh Do and the armed robbery of Thao Thi Thanh Le. The charges stemmed from the May 6, 2011, armed

robbery of the Tat Nail Salon in Evangeline Parish, owned by Tuc Thanh Do and his wife, Thao Thi Thanh Le. During the commission of the armed robbery, Tuc Thanh Do was shot and killed. The charges were tried together in the same proceeding. *See State v. LaFleur*, 114 So.3d 666, 667 (La. App. 3 Cir.3rd 2013).

Lafleur first sought federal habeas relief in this court for the same conviction and sentence through a petition filed in this court under 28 U.S.C. § 2254 on June 30, 2015, rejected on the merits on January 7, 2016. *See Lafleur v. Cain*, No. 2:15-cv-1978 (W.D. La. Jan. 7, 2016). The petition presently before this Court is Lafleur's second petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed in this Court challenging the same conviction and sentence.

## Law and Analysis

The Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. 104-132, 110 Stat. 1214 (AEDPA), limits the circumstances under which a state prisoner may file a second or successive application for habeas relief in federal court. An application "is 'second or successive' when it: '1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ.'" *United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000). In this instance, the Court finds the

present petition successive within the meaning of 28 U.S.C. § 2244(b). It contains claims that were or could have been raised in his earlier federal petitions.[1]

When a petition is second or successive, then the petitioner must seek an order from the Fifth Circuit Court of Appeals that authorizes this Court to consider the petition. See 28 U.S.C. § 2244(b)(3)(A). The Fifth Circuit "may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of [§ 2244(b)]." *Id*. at § 2244(b)(3)(C). To present a claim in a second or successive application that was not presented in a prior application, the application must show that it is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. *Id*. at § 2244(b)(2). Before petitioner files his application in this Court, a three-judge panel of the Fifth Circuit Court of Appeals must determine whether the application makes the requisite prima facie showing. *See id*. at § 2244(b)(3)(A) and (B).

---

[1] Lafleur filed an Amended Petition raising the only claim that could not have been raised in his original petition, a challenge to the non-unanimous verdict returned at his trial in 2015, relying on the Supreme Court's 2020 decision in *Ramos v. Louisiana*, 140 S.Ct. 1390 (2020). However, as the AEDPA deferential standard requires this Court to apply law that was clearly established at the time the conviction becomes final," (*Peterson v. Cain*, 302 F.3d 508, 511 (5th Cir. 2002)), the state courts' denial of relief was not contrary to or an unreasonable application of Supreme Court law. Lafleur is not entitled to federal habeas corpus relief on this claim. *See Joseph v. Vannoy*, No. 21-441, 2021 U.S. Dist. LEXIS 249214 (E.D. La. Oct. 27, 2021).

From the face of this petition, it is apparent that this is a successive petition, and Lafleur has not alleged or demonstrated that he has obtained authorization to file such a petition from the Fifth Circuit Court of Appeals. See 28 U.S.C. § 2244(b)(1)-(3).

Therefore,

**IT IS RECOMMENDED** that the instant petition be **DISMISSED WITHOUT PREJUDICE** to his right to file a motion in the United States Court of Appeals for the Fifth Circuit for leave to file a successive § 2254 petition.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except

upon grounds of plain error. *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.1996).

THUS DONE in Chambers on this 23rd day of May, 2022.

                                        **Patrick J. Hanna**
                                    **United States Magistrate Judge**